# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAGLE STAR INSURANCE COMPANY LIMITED,<br><br>　　　　　　　　Plaintiff,<br>　vs.<br>HIGHLAND INSURANCE COMPANY,<br><br>　　　　　　　　Defendant. | CASE NO. 02cv2165 WQH (CAB)<br><br>**ORDER** |
| HIGHLAND INSURANCE COMPANY,<br><br>　　　　Third-Party Plaintiff,<br>　vs.<br>ACE USA, as successor to Aetna Insurance Company,<br><br>　　　　Third-Party Defendant. | |

HAYES, Judge:

　　The matters before the Court are the Motion to Dismiss Highlands's Third-Party Complaint Without Prejudice filed by Highlands Insurance Company (Doc. # 171) and the Motion to Dismiss Third-Party Complaint With Prejudice filed by ACE USA (Doc. # 172).

## BACKGROUND

　　On November 2, 2002, Defendant Highlands Insurance Company ("Highlands") filed its Notice of Removal which removed the suit filed by Plaintiff Eagle Star Insurance Company from the Superior Court of the State of California for the County of San Diego. (Doc. # 1).

On August 7, 2003, the Court granted Highlands leave to file a Third-Party Complaint as a Third-Party Plaintiff. (Doc. # 24). On August 15, 2003, Highlands filed its Third-Party Complaint against ACE USA ("ACE") as a successor in interest to Aetna Insurance Company. (Doc. # 28). On February 26, 2004, the Court denied ACE's motion to stay or dismiss the case in favor of arbitration and granted ACE's motion to dismiss the third claim for breach of contract. (Doc. # 56). On January 26, 2006, the United States Court of Appeals for the Ninth Circuit issued a memorandum disposition reversing this Court's ruling that the dispute between Highlands and Ace was not arbitrable. *See* Doc. 171-2, Ex. C. On October 26, 2007, the Court stayed the case pending resolution of ACE's appeal of a settlement agreement between Eagle Star Insurance Company Limited ("Eagle Star") and Highlands in Texas state court. (Doc. # 137). On August 26, 2009, the Texas Court of Appeals issued a memorandum opinion resolving the action pertaining to the settlement between Eagle Star and Highlands. *See* Doc. # 137. On November 23, 2009, the Court lifted the stay and ordered the parties to "proceed forthwith with the resolution of this action." (Doc. # 161). The parties appeared before the Magistrate Judge for a status conference on March 19, 2010. (Doc. # 170). Eagle Star and Highlands "represented [to the Magistrate Judge] that the dispute between Eagle Star and Highlands has been resolved, and the parties are prepared to dismiss the complaint with prejudice." *Id.* at 1. Although Eagle Star and Highlands reached a settlement agreement, Highlands and ACE did not. *Id.* Highlands and ACE disagreed as to whether the Third-Party Complaint should be dismissed with prejudice or without prejudice. *Id.* The Magistrate Judge ordered Highlands and ACE to "file and serve cross-motions for dismissal . . . no later than April 26, 2010." *Id.* at 1-2. On April 26, 2010, the Highlands and ACE filed their cross-motions to dismiss. (Docs. # 171, 172).

**ALLEGATIONS OF THE THIRD PARTY COMPLAINT**

Highlands entered into a business agreement with Cravens Dargan & Company ("Cravens") on June 1, 1964 which appointed Cravens as Highlands's underwriting manager for insurance policies written in California and the Pacific Coast. (Doc. # 28 at 3). The agreement was modified during the course of the business relationship with Cravens and a

1  subsidiary, Cravens Dargan & Company, Pacific Coast. *Id.* at 4. Highlands "became
2  dissatisfied" with some of the reinsurers selected by Cravens and replaced the reinsurers with
3  Aetna. *Id.* Under the terms of an addendum to the 1964 agreement, Highlands, Cravens, and
4  Aetna agreed that Aetna assumed liability for losses as of January 7, 1975. *Id.* at 5. ACE is
5  Aetna's "corporate successor." *Id.* To the extent that Highlands is liable to Eagle Star, ACE
6  is obligated to indemnify Highlands pursuant to the 1975 agreement. *Id.* at 6.

7  In support of Highlands's first claim for declaratory judgment, Highlands alleges ACE
8  disputes "the nature and extent of its obligation to reinsure Highlands with respect to losses
9  arising from assumed reinsurance risks . . . ." *Id.* "An actual case or controversy exists
10 between Highlands and ACE regarding their respective rights and obligations under the
11 Management Agreements, including but not limited to ACE's obligation to pay reinsurance
12 proceeds to Highlands." *Id.* Highlands seeks a declaratory judgment which "resolve[s] the
13 parties' dispute . . . . [as to] pending and future claims submitted to Highlands by Eagle Star."
14 *Id.*

15 In support of Highlands's second claim for indemnification, Highlands alleges ACE is
16 obligated to indemnify Highlands for "losses it is required to pay in connection with assumed
17 reinsurance risks underwritten by" Cravens' subsidiary. *Id.* at 7. Highlands seeks
18 "indemnification from ACE for any amounts Highlands may be required to pay Eagle Star
19 pursuant to the terms of the Management Agreement." *Id.* at 7.

20 Highlands's third claim for breach of contract was previously dismissed by the Court.
21 (Doc. # 56).

22 In support of Highlands's fourth claim for unjust enrichment, Highlands alleges ACE
23 will be unjustly enriched if it fails to honor its obligation to reimburse Highlands for losses
24 pursuant to the reinsurance agreement. *Id.* at 8.

## CONTENTIONS OF THE PARTIES

26 Highlands contends that its claims against ACE are "broader than the claims asserted
27 by Eagle Star" and "were never addressed or resolved at any stage of the proceedings in this
28 matter." (Doc. # 171-1 at 13). Highlands contends that its claims against ACE should

1  therefore be dismissed without prejudice, which will allow arbitration of claims which remain
2  between Highlands and ACE. *Id.* at 13-14. Highlands contends a dismissal with prejudice
3  would prevent it from ever adjudicating "subsequent claims against ACE in connection with
4  the disputed Cravens pool liabilities" before an arbitrator. *Id.* Highlands contends that there
5  are additional members of the Cravens insurance pool which may assert claims against
6  Highlands which ACE must indemnify and that a dismissal with prejudice will prevent
7  Highlands from seeking such indemnification from ACE. *Id.* at 15. Highlands contends that
8  it is arbitrating claims against ACE for "indemnification under the Umbrella Program
9  reinsurance agreements" and that the arbitration would be impaired by a dismissal with
10 prejudice in this case. *Id.* at 17. Highlands contends that "ACE may attempt . . . to offset from
11 any amounts it owes to Highlands those sums that ACE alleges are owed to it by Highlands,
12 under any contracts between them" which Highlands could not effectively challenge if its
13 Third-Party Complaint is dismissed with prejudice. *Id.* Highlands contends the Federal
14 Arbitration Act ("FAA") does not authorize federal courts to dismiss claims which must be
15 arbitrated with prejudice because only the arbitrator may resolve the claims on the merits. *Id.*
16 at 18. Highlands contends that the terms of the settlement agreement between Highlands and
17 Eagle Star explicitly left open the issue of ACE and Cravens's obligations to Highlands. *Id.*

18    ACE contends that the Court has discretion to determine whether to dismiss the case
19 with prejudice or without prejudice. (Doc. # 172-1 at 5). ACE contends that the Court should
20 exercise its discretion to dismiss the case with prejudice where dismissal without prejudice
21 would be "inequitable or prejudicial" to the defendant. *Id.* (citation omitted). ACE contends
22 that Highlands assigned all of its claims against ACE to Eagle Star as part of the settlement
23 agreement of the original action between Eagle Star and Highlands. *Id.* Therefore, ACE
24 contends Highlands "no longer has a right to pursue such claims against ACE . . . . [because
25 the] claims have been fully and finally resolved." *Id.* at 6. ACE contends that all of
26 Highlands's claims in the Third-Party Complaint are derivative of the dispute between
27 Highlands and Eagle Star. *Id.* ACE contends that Highlands's claims should be dismissed
28 with prejudice because they cannot be litigated in any court and must instead be resolved in

arbitration. *Id.*

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 41(a), after a responsive pleading has been filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph is without prejudice." Rule 41(a)(2) is a "broad grant of discretion" allowing district courts to determine whether a dismissal should be with or without prejudice. *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2001). Rule 41(a)(2) "does not contain a preference for one kind of dismissal or another." *Id.*

> When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal. . . . Although case law does not articulate a precise definition of 'legal prejudice,' the cases focus on the rights and defenses available to a defendant in future litigation. . . . We conclude that legal prejudice is just that - prejudice to some legal interest, some legal claim, some legal argument. Uncertainty because a dispute remains unresolved is not legal prejudice.

*Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).

The "legal prejudice" identified by ACE is ACE's assertion that Highlands's claims have already been adjudicated on the merits via the settlement agreement between Eagle Star and Highlands and that Highlands "no longer has a right to pursue such claims against ACE." However, Highlands contests this assertion. Such "uncertainty because a dispute remains unresolved" between the parties does not constitute "legal prejudice" under controlling precedent. *See Westlands*, 100 F.3d at 96. ACE has failed to identify "plain legal prejudice" which will result from a dismissal without prejudice. In any event, this Court cannot adjudicate the question of whether Highlands's claims against ACE are barred by the settlement agreement. In light of the Ninth Circuit's previous ruling that this Court must "dismiss[] or stay [] Highlands's third-party complaint in favor of arbitration," an assessment of the merits of or scope of Highlands's claim would be improper.

## CONCLUSION

IT IS HEREBY ORDERED that:

(1) The Motion to Dismiss Highlands's Third-Party Complaint Without Prejudice

1  filed by Highlands Insurance Company (Doc. # 171) is **GRANTED**.
2  (2)  The Motion to Dismiss Third-Party Complaint With Prejudice filed by ACE
3  USA (Doc. # 172) is **DENIED**.
4  (3)  The Third-Party Complaint is **DISMISSED WITHOUT PREJUDICE**.
5  (4)  Eagle Star Insurance Company Limited and Highlands Insurance Company shall
6  file their joint motion to dismiss the Complaint **within ten days** of the date of
7  this order.
8  DATED: July 22, 2010

**WILLIAM Q. HAYES**
United States District Judge